UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Rhiannon C. Y.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:21-CV-05531-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ erroneously discounted the April 2017 opinion of Dr. Shawn Kenderline, Ph.D. Dkt. 16. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 47 years old and has past relevant work as a housekeeper. Tr. 23, 27. Plaintiff filed her application for supplemental security income benefits on February 18, 2018, alleging a disability onset date of December 26, 2014. Tr. 580-89. After her application was denied initially and upon reconsideration, ALJ Virginia Robinson conducted a hearing and, on August 27, 2020, issued a decision finding Plaintiff not disabled. Tr. 92-122, 138, 157-74.

ORDER REVERSING AND REMANDING - 1

Plaintiff sought judicial review and on October 22, 2021, this Court granted the parties' stipulated motion to remand the case for further administrative proceedings under sentence six of 42 U.S.C. § 405(g). Tr. 181-87.

ALJ Robinson held Plaintiff's second hearing on June 21, 2022, and on August 29, 2022, issued a decision again finding Plaintiff not disabled. Tr. 60-91, 197-217. Plaintiff filed exceptions to the Appeals Council, which remanded the case to a different ALJ for a new hearing because ALJ Robinson did not comply with the prior remand order. Tr. 188-93, 218-23.

ALJ Howard Prinsloo held Plaintiff's third hearing on April 16, 2024, and issued a decision on July 5, 2024, finding Plaintiff not disabled. Tr. 6-59. The Appeals Council denied Plaintiff's request for review, making ALJ Prinsloo's decision the final decision of the Commissioner. Tr. 1-5. Plaintiff now seeks review of the the July 2024 decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found Plaintiff has not engaged in substantial gainful activity since the application date; Plaintiff has the following severe impairments: degenerative disc disase, obesity, depressive disorder, anxiety disorder, personality disorder, and post-traumatic stress disorder (PTSD); and these impairments did not meet or equal the requirements of a listed impairment. Tr. 12-14. The ALJ found Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.697(b) except:

> She can occasionally climb ramps and stairs. She can never climb ladders, ropes, and scaffolds. She can occasionally stoop and crouch. She can frequently kneel or crawl. She must avoid concentrated exposure to excessive vibration or workplace hazards, such as moving machinery and unprotected heights. She can perform simple, routine tasks in a routine work environment with occasionally superficial interaction with coworkers and only incidental interaction with the public.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

Tr. 16. The ALJ found Plaintiff can perform her past relevant work as a housekeeper and is therefore not disabled. Tr. 27-29.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's interpretation of the evidence. *Id.*

Plaintiff argues the ALJ erroneously rejected the April 2017 opinion of psychological consultative examiner Dr. Shawn Kenderline, Ph.D. Dkt. 16 at 3-5. The ALJ stated Dr. Kenderline's opinion and other medical opinions are "unpersuasive because they predate before the filing date of the first SSAI application (i.e. February 18, 2018) from at least six months to years and therefore do not reflect the claimaint's mental functioning during the relevant period and "have little probative value."[2] Tr. 27.

An ALJ need not discuss "evidence that is neither significant nor probative." *Luna v. Kijakazi,* 2022 WL 1566972, at *1 (9th Cir. May 18, 2022) (quoting *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003)). Medical opinions that predate the alleged onset of disability are of limited relevance. *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155,

---

[2] The ALJ found four other opinions unpersuasive on the same basis: the July 2009 and May 2014 opinions of Dr. Kenderline; the March 2010 opinion of Dr. Charles Quinci, Ph.D.; and the April 2017 opinion of Dr. Dana Harmon, Ph.D. Tr. 27. Plaintiff challenges only the rejection of Dr. Kenderline's April 2017 opinion. Dkt. 16.

ORDER REVERSING AND REMANDING - 3

1165 (9th Cir. 2008). However, evidence which predates the application date, but postdates the alleged onset date is pertinent to the alleged period of disability. *Pacheco v. Berryhill*, 733 Fed. Appx. 356, 360 (9th Cir. 2018); *Havens v. Kijakazi*, 2022 WL 2115109, at *2 (9th Cir. June 13, 2022).

Medical evidence developed between December 2014 and February 2018 is relevant for several reasons. Plaintiff filed her claim for benefits in February 2018, alleging an onset date of December 26, 2014. Tr. 580-89. Evidence dated between December 2014 and February 2018 is therefore pertinent to assessing disability. *Pacheco,* 733 Fed. Appx. at 360.

Dr. Kenderline, and other doctors, rendered several opinions regarding Plaintiff's mental health before the 2018 filing date. These opinions indicate Plaintiff suffered from mental health problems and limitations even before she applied for benefits. Dr. Kenderline specifically opined the limitations he assessed would likely persist for longer than a year, thus making his 2017 opinion relevant and probative of whether Plaintiff was disabled in 2018 when she filed her SSI application. Dkt. 16 at 6; Tr. 2435. The ALJ accordingly erred in rejecting Dr. Kenderline's opinion.

Although not challenged by Plaintiff, the ALJ on remand should also consider Dr. Harmon's April 2017 opinion. The Court makes this finding because on remand, the ALJ should consider Dr. Kenderline's opinion in the context of other relevant medical opinions that were rendered close in time to his opinion, such as Dr. Harmon's opinion.

An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability nondisability determination." *Molina,* 674 F.3d at 1115. "A reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r, Soc.*

*Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). As the ALJ did not consider these medical opinions, he did not identify reasons for discounting this evidence. Where an ALJ fails to specify the reasons for discounting evidence, the Court cannot "review those reasons meaningfully without improperly substitut[ing] our conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations and quotation marks omitted). Such error is usually not harmless. *Id.*

Accordingly, the Court finds the ALJ harmfully erred by rejecting the April 2017 opinions of Dr. Kenderline, and on remand shall reassess Dr. Harmon's opinion and Dr. Harmon's April 2017 opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate the opinions of Dr. Kenderline and Dr. Harmon; develop the record and redetermine RFC as needed; and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 14th day of August, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge